**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOLANDA JONES, | No. 11-55613 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-01399-CJC-DTB |
| v. | |
| WELLS FARGO BANK, NA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted September 2, 2014[**]

Before: GOULD, BERZON, and BEA, Circuit Judges.

Yolanda Jones appeals *pro se* from the district court's order dismissing her

action arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C.

§ 1291. We review *de novo*. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.

_____

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2005). We affirm.

The district court properly dismissed Jones's claims of fraud and misrepresentation because Jones did not allege facts sufficient to show that she either actually or justifiably relied on the alleged misrepresentations. *See Small v. Fritz Cos.*, 65 P.3d 1255, 1258, 1262 (Cal. 2003) (listing elements of fraud under California law). Whether framed as a fraudulent misrepresentation or as a fraudulent omission, Jones could not have relied on Wells Fargo's statements because her own pleadings state that it was "clear" after her interaction with Wells Fargo and before she agreed to the loan that she "could not afford such high monthly payments."

Also, the district court properly dismissed Jones's claim alleging fraudulent business acts under California's Unfair Competition Law ("UCL") because Jones did not allege facts sufficient to show that she actually relied on the alleged misrepresentation of her income and financial assets in accepting her loan. *See In re Tobacco II Cases*, 207 P.3d 20, 26 (Cal. 2009) (stating that for a private plaintiff to have standing to bring a UCL claim alleging a fraudulent business act or practice, that individual "must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions").

Finally, Jones's contention that the district court should have considered her realtor's declaration attached to Jones's opposition to the motion to dismiss is unpersuasive. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (stating that a court must generally refrain from considering extrinsic evidence in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and may consider documents not physically attached to the complaint only if their authenticity is uncontested and the complaint necessarily relies on them, or if they are matters of public record subject to judicial notice).

**AFFIRMED.**